# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

RODERICK ROBERSON, *et al.*    )
    )
    )
    Plaintiffs,    )
    )    Civil Action No. 4:22-CV-00358-RK
v.    )
    )
THE KANSAS CITY SOUTHERN    )
RAILWAY CO.,    )
    )
    Defendant.    )

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant The Kansas City Southern Railway Company ("KCSR"), by and through its undersigned counsel, hereby answers the Complaint filed by Plaintiffs Roderick Roberson *et al.* ("Plaintiffs"). KCSR denies all of the allegations of the Complaint unless expressly admitted herein. KCSR answers the allegations in the like-numbered paragraphs of the Complaint as follows:

1. The first sentence of Paragraph 1 of the Complaint states conclusions of law to which no response is required. To the extent any response is required, KCSR admits that the Family and Medical Leave Act ("FMLA") entitles eligible employees to take up to 12 workweeks of leave for specified family and medical reasons, subject to various terms and conditions. KCSR admits that Plaintiffs are current and former KCSR employees and that Plaintiffs purport to bring a class action. KCSR denies the remaining allegations contained in Paragraph 1.

2. KCSR denies that all members of the proposed class work on or around trains. KCSR further denies that employees may only take vacations, sick days, and personal days if

and when KCSR allows them.  KCSR avers that the use of vacation, sick days, and personal days are governed by different policies and practices.  KCSR admits that some train employees work on an on-call basis, but denies that all of them do so.  KCSR admits the remaining allegations contained in Paragraph 2.

3.      Paragraph 3 states conclusions of law to which no response is required.  To the extent that any response is required, KCSR denies the allegations.

4.      Paragraph 4 states conclusions of law to which no response is required.  To the extent that any response is required, KCSR admits that some of the Plaintiffs and class members work variable and irregular schedules, and that 29 C.F.R. § 825.205(b)(3) addresses the manner in which such an employee's FMLA leave entitlement is calculated.  KCSR further admits that the regulation provides that "[i]f an employee's schedule varies from week to week to such an extent that an employer is unable to determine with any certainty how many hours the employee would otherwise have worked (but for the taking of FMLA leave), a weekly average of the hours scheduled over the 12 months prior to the beginning of the leave period (including any hours for which the employee took leave of any type) would be used for calculating the employee's leave entitlement."  KCSR denies the remaining allegations contained in Paragraph 4.

5.      Paragraph 5 states conclusions of law to which no response is required.  To the extent that any response is required, KCSR admits that employees may not be required to take more FMLA leave "than is necessary to address the circumstances that precipitated the need for the leave, provided that the leave is counted using the shortest increment of leave to account for any other type of leave."  29 C.F.R. § 825.205(a)(1).  In addition, KCSR admits that, under Department of Labor regulations, "[i]f an employer accounts for other forms of leave use in increments greater than one hour, the employer must account for FMLA leave use in increments

no greater than one hour." *Id.* KCSR also admits that, under Department of Labor regulations, "only the amount of leave actually taken may be counted toward the employee's leave entitlement." *Id.* § 825.205(b)(1). In addition, KCSR admits that when an employee who works variable hours takes FMLA leave, the amount of leave that an employee takes may be calculated either as a fraction of that employee's average workweek or as its hourly equivalent. KCSR denies all remaining allegations in Paragraph 5 of the Complaint.

6.      KCSR admits that, in or around September 2021, it began tracking more closely the number of workweeks of FMLA leave taken by Train, Engine & Yard ("TE&Y") employees. KCSR denies the remaining allegations contained in Paragraph 6.

7.      KCSR admits that it calculates the total amount of FMLA leave to which an employee is entitled by reference to the number of hours that the employee worked in the 12-month period prior to the start of the leave period. KCSR further admits that the calculations in the seventh and eighth sentences are mathematically correct. KCSR denies the remaining allegations contained in Paragraph 7.

8.      KCSR admits that it deducts the number of hours that an employee has marked off for FMLA leave from the total hours of FMLA leave available to the employee. KCSR further admits that after an employee has depleted his or her FMLA leave entitlement, the employee is not permitted to take additional FMLA leave. KCSR avers that, in that instance, the employee may still mark off for other reasons. With respect to the third sentence, KCSR admits that an employee who chooses to mark off for 48 hours of FMLA leave will have 48 hours subtracted from his or her FMLA entitlement. KCSR avers, however, that employees control the length of their mark-off, and need only mark off for the exact amount of time they need. With respect to the sixth sentence, KCSR admits that an employee who averaged 30.75 hours per

3

week and who took 48 hours of FMLA leave would have the equivalent of one-and-a-half workweeks deducted from his or her FMLA entitlement. However, KCSR denies that the employee in the hypothetical given would have necessarily exhausted FMLA leave if he or she were to use it on another 14 days. KCSR denies the remaining allegations contained in Paragraph 8.

9. KCSR denies the allegations contained in Paragraph 9.

10. KCSR admits that it does not treat time employees spend marked up and waiting to be called for work as time spent working, and that, generally speaking, employees are not paid for that time. KCSR further admits that time spent on-call but not working is not counted in determining how many hours an employee worked in the previous year, or in determining an employee's FMLA leave entitlement. The last sentence of Paragraph 10 and Footnote 1 state conclusions of law to which no response is required. To the extent any response is required, KCSR admits that it counts all hours marked off on FMLA leave against an employee's FMLA leave entitlement, and that federal law limits the amount of time TE&Y employees may work. KCSR denies the remaining allegations contained in Paragraph 10.

11. KCSR admits that Plaintiff Caleb Schmitt marked off for FMLA leave for 72 hours in July 2021; that Plaintiff Schmitt worked 1,254 hours during the prior 12-month period; that Plaintiff Schmitt worked, on average, 24 hours per week in the 12-month period prior to leave; that Plaintiff Schmitt was entitled to a total of 289 hours of FMLA leave; and that Plaintiff Schmitt's 72-hour mark-off depleted his FMLA entitlement by 72 hours. KCSR further admits that, because Plaintiff Schmitt worked on average 24 hours per week, 72 hours is equivalent to three workweeks of FMLA leave, and that a 289-hour mark-off would deplete his FMLA entitlement for the year. KCSR denies that FMLA leave is "[d]eplet[ed]" at a rate of 24 hours

4

per day; the amount of leave deducted depends on the amount of time an employee chooses to be marked off. KCSR further denies the remaining allegations contained in Paragraph 11 and ein Footnotes 2 and 3.

12. The third sentence of Paragraph 12 states conclusions of law to which no response is required. To the extent any response is required, KCSR admits that, under Department of Labor regulations, employers must account for intermittent FMLA leave "using an increment no greater than the shortest period of time that the employer uses to account for other forms of leave" – such as vacation time – "provided that it is not greater than one hour . . . ." 29 C.F.R. § 825.205(a)(1). KCSR also admits that, under Department of Labor regulations, "[a]n employer may not require an employee to take more leave than is necessary to address the circumstances that precipitated the need for the leave, provided that the leave is counted using the shortest increment of leave used to account for any other type of leave." *Id.* KCSR denies the remaining allegations contained in Paragraph 12.

13. KCSR denies the allegations contained in Paragraph 13.

14. KCSR denies the allegations contained in Paragraph 14.

15. KCSR admits that, for a certain period of time, in calculating employees' FMLA entitlement, it did not count time spent on leave. KCSR further admits that failing to count time spent on leave towards an employee's FMLA entitlement results in a lower entitlement than would result if leave time were counted towards the entitlement. The remaining allegations in Paragraph 15 state conclusions of law to which no response is required. To the extent any response is required, KCSR denies the allegations.

16. The allegations in Paragraph 16 state conclusions of law to which no response is required. To the extent any response is required, KCSR admits that an employee who is

scheduled for 40 hours per week and who misses a single 8-hour shift uses 0.2 weeks of FMLA leave regardless of leave taken during the prior year. KCSR denies the remaining allegations in Paragraph 16 of the Complaint.

17.     KCSR admits that, for a certain period of time, in calculating employees' FMLA entitlement, it did not count time spent on leave and only counted hours worked in the 12-month period prior to the start of the leave period. KCSR denies the remaining allegations contained in Paragraph 17.

18.     KCSR admits that certain of its employees often work more than 40 hours a week, but others do not. KCSR further avers that Plaintiffs could work more than 40 hours a week or less than 40 hours a week, depending on numerous factors. Plaintiffs' allegation that "KCS employees, Plaintiffs among them, often work more than 40 hours a week" is too vague and general to either admit or deny outright and, therefore, to the extent the allegation is not specifically admitted, it is denied. The second sentence of Paragraph 18 states conclusions of law to which no response is required. To the extent any response is required, KCSR admits that, under Department of Labor regulations, "whether an employee has worked the minimum 1,250 hours of service is determined according to the principles established under the Fair Labor Standards Act (FLSA) for determining compensable hours of work." 29 C.F.R. § 825.110(c). KCSR denies the remaining allegations contained in Paragraph 18.

19.     KCSR admits that, depending on the terms of the applicable collective bargaining agreement, an employee upon returning from FMLA leave may be placed at the bottom of the board. KCSR denies the remaining allegations contained in Paragraph 19.

20.     KCSR denies the allegations contained in Paragraph 20.

21.     KCSR denies the allegations contained in Paragraph 21.

6

22.     KCSR denies the allegations contained in Paragraph 22.

23.     KCSR denies the allegations contained in Paragraph 23.

24.     KCSR admits that Plaintiffs seek relief but denies that Plaintiffs are entitled to any relief.  KCSR denies the remaining allegations contained in Paragraph 24.

25.     KCSR admits that, according to its records, Plaintiff Roberson resides in Bossier City, Louisiana.  KCSR admits Plaintiff Roberson worked for KCSR as an engineer for 17 years.  KCSR denies that Plaintiff Roberson is currently an engineer for KCSR.

26.     KCSR admits that, according to its records, Plaintiff Hudson resides in Mulberry, Kansas.  KCSR admits the remaining allegations contained in Paragraph 26.

27.     KCSR admits that, according to its records, Plaintiff White resides in Bossier City, Louisiana.  KCSR admits Plaintiff White worked for KCSR as an engineer for eight years.  KCSR denies that Plaintiff White is currently an engineer for KCSR.

28.     KCSR admits that, according to its records, Plaintiff Schmitt resides in Rich Hill, Missouri.  KCSR admits the remaining allegations contained in Paragraph 28.

29.     KCSR admits that, according to its records, Plaintiff Berberich resides in Pittsburg, Kansas.  KCSR admits Plaintiff Berberich works as a conductor for KCSR but denies that he has worked for KCSR for 16 years.

30.     KCSR admits that, according to its records, Plaintiff Ulrich resides in Liberal, Missouri.  KCSR admits the remaining allegations contained in Paragraph 30.

31.     KCSR admits that, according to its records, Plaintiff Collins resides in Girard, Kansas.  KCSR admits Plaintiff Collins works as an engineer for KCSR but denies that he has worked for KCSR for 18 years.

32.     KCSR admits the allegations contained in Paragraph 32.

33.     Paragraph 33 states conclusions of law to which no response is required.  To the extent that any response is required, KCSR admits the allegation.

34.     KCSR admits that it is headquartered in Jackson County, Missouri.  The remaining allegations in Paragraph 34 state conclusions of law to which no response is required.  To the extent that any response is required, KCSR admits that venue in this Court is proper, and otherwise denies the remaining allegations in Paragraph 34 of the Complaint.

35.     KCSR admits that some of its employees work on an on-call basis but denies that all of its employees may be called to perform work at any time on any day.  KCSR admits the remaining allegations contained in Paragraph 32.

36.     Plaintiffs' allegation that members of the proposed class work in "other similar positions" is too vague and general to either admit or deny outright and, therefore, to the extent the allegation is not specifically admitted, it is denied.  KCSR admits the remaining allegations contained in Paragraph 36.

37.     KCSR admits that some of its TE&Y employees work on an on-call basis.  Plaintiffs' allegation that "train employees" work on an on-call basis is too vague and general to either admit or deny outright and, therefore, to the extent the allegation is not specifically admitted, it is denied.  KCSR admits the remaining allegations contained in Paragraph 37.

38.     KCSR admits that an employee can, under certain circumstances, be disciplined if he or she fails to report for duty after being called, but denies that failing to report for duty after being called necessarily results in discipline or "serious" discipline.  KCSR further admits that an employee who is called to work generally must report for duty within two hours, but denies that this is true in every single case.  KCSR admits the remaining allegations contained in Paragraph 38.

8

39.     KCSR admits the allegations contained in Paragraph 39, with the caveat that employees may also contact Crew Resources via email.

40.     KCSR admits that employees may mark off to take vacations, sick days, and personal leave days, and that vacations and personal leave days can be subject to the needs of service.  KCSR further admits that employees do not have a set number of unpaid sick or personal days, and that poor attendance can eventually lead to discipline.  KCSR further admits that progressive discipline can lead to termination.  KCSR denies the remaining allegations contained in Paragraph 40.

41.     KCSR lacks knowledge or information sufficient to form a belief as to whether named Plaintiffs took FMLA leave for legitimate reasons each and every time they marked off for it.  KCSR otherwise admits the allegations contained in Paragraph 41.

42.     KCSR admits that, depending on the terms of the applicable collective bargaining agreement, an employee upon returning from FMLA leave may be placed at the bottom of the board.  KCSR denies the remaining allegations contained in Paragraph 42.

43.     Paragraph 43 and Footnote 5 state conclusions of law to which no response is required.  To the extent any response is required, KCSR admits that federal law limits the amount of time TE&Y employees can work, and requires they receive a certain amount of rest.

44.     KCSR admits the allegations contained in Paragraph 44.

45.     KCSR admits the allegations contained in Paragraph 45.

46.     KCSR admits that it does not assess points for use of FMLA leave (and that the law prohibits it from doing so).  Plaintiffs' allegation that "when [] employees need to mark off for periods that otherwise would be covered by the FMLA, they simply mark off as 'sick' or for 'family emergency' or unpaid 'personal leave'" is too vague and general to either admit or deny

9

outright and, therefore, the allegation is denied. KCSR admits that, under its Availability Policy, employees who mark off excessively can under certain circumstances be assessed points that can eventually lead to discipline. KCSR denies the remaining allegations contained in Paragraph 46.

47. KCSR admits that it employs thousands of people, some of whom rely on the FMLA. Plaintiffs' allegation that "many" employees "rely on the FMLA" is too vague and general to either admit or deny outright and, therefore, to the extent the allegation is not specifically admitted, it is denied. KCSR admits that, at certain times, Plaintiffs were eligible and approved to take FMLA leave. Plaintiffs' allegation that "Plaintiffs rely and have long relied on KCS's approval of FMLA leave" is too vague and general to either admit or deny outright and, therefore, the allegation is denied. KCSR lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiffs intend to continue to use FMLA leave for their qualifying medical and family needs in the future," and therefore denies it. KCSR also denies the remaining allegations contained in Paragraph 47.

48. KCSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, and therefore denies them.

49. KCSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, and therefore denies them.

50. KCSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50, and therefore denies them.

51. KCSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, and therefore denies them.

52. KCSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, and therefore denies them.

53.     KCSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and therefore denies them.

54.     KCSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and therefore denies them.

55.     KCSR admits that some of its employees rely on the FMLA to address serious and important medical and family-care issues.  KCSR denies the remaining allegations contained in Paragraph 55.

56.     KCSR admits that, in or around September 2021, it began tracking the number of workweeks of FMLA leave taken by TE&Y employees, and that prior to that time, the Company had not done so in any systematic fashion.  KCSR otherwise denies the allegations contained in Paragraph 56.

57.     KCSR admits that, at one point or another, Plaintiffs have each received a notice stating "You have now exhausted your FMLA leave entitlement for the previous rolling 12-month period."  Plaintiffs' allegation that "many" employees have received exhaustion notices is too vague and general to either admit or deny outright and, therefore, the allegation is denied. KCSR also denies the remaining allegations contained in Paragraph 57.

58.     KCSR admits that it deducts the number of hours that an employee has marked off for FMLA leave from the total hours of FMLA leave available to the employee and that an employee's allotment is depleted based on the total amount of leave he or she has taken in the prior 12-month period.  KCSR further admits that Senior Leave Administrator Jill Byers sent letters to Plaintiffs Roberson, Hudson, Schmitt, and Berberich in response to their inquiries about their exhaustion of FMLA leave.  Plaintiffs' allegation that "many" employees received letters from Jill Byers in response to inquiries is too vague and general to either admit or deny outright

and, therefore, the allegation is denied.  KCSR denies the remaining allegations contained in Paragraph 58.

59.     KCSR admits the allegations contained in Paragraph 59 and Footnote 6.

60.     KCSR admits that during the 12-month period at issue, Berberich took leave 24 times; that Berberich took 24 hours of FMLA leave on nine occasions and 48 hours of FMLA leave on five occasions; that Berberich took a total of 613.6 hours of FMLA leave; and that 25.57 is the average amount of leave that Berberich took at any one time.  KCSR denies the remaining allegations contained in Paragraph 60.

61.     KCSR admits that it deducted from Plaintiff Berberich's FMLA entitlement the number of hours that he was marked off for FMLA leave.  KCSR denies the remaining allegations contained in Paragraph 61.

62.     KCSR admits that its records show that Plaintiff Berberich's FMLA mark-off on August 28 started at 12:13 a.m. and lasted for 34 hours and 14 minutes.  KCSR denies that this mark-off "accounted for 1.1 weeks of FMLA leave."  FMLA leave is not accounted for in weeks but rather in workweeks.  KCSR admits that 1.1 workweeks of leave amounts to slightly less than 10% of the twelve workweeks of FMLA leave to which eligible employees are entitled. KCSR further admits that the data for August 28 is in the fifth row of the spreadsheet referenced, and that the third column in the spreadsheet shows that Plaintiff Berberich laid off at 12:13 a.m. on August 28.  KCSR denies the remaining allegations in Paragraph 62.

63.     KCSR admits that Plaintiff Berberich's FMLA mark-off on August 28 did not last for 1.1 calendar weeks.  KCSR further admits that 34 hours and 14 minutes is less than a day and a half; that Plaintiff Berberich marked off for FMLA leave at 5:47pm on August 29; that Plaintiff Berberich marked off for FMLA leave from 12:13am on August 28 until 10:27am on August 29;

12

and that Plaintiff Berberich again marked off for FMLA leave on the afternoon of August 29. KCSR denies the remaining allegations contained in Paragraph 63.

64.     KCSR admits that Plaintiff Berberich marked off for FMLA leave for 24 hours starting at 10:57am on October 2; that Plaintiff Berberich marked off for FMLA leave for another 24 hours starting at 3:13pm on October 3; and that it deducted the number of hours that Plaintiff Berberich marked off for FMLA leave from the total hours of FMLA leave available to him.  KCSR denies the remaining allegations contained in Paragraph 64.

65.     KCSR denies that there were multiple "problems" with its calculations of Plaintiff Berberich's FMLA leave.  KCSR admits the remaining allegations contained in Paragraph 65.

66.     KCSR admits that Plaintiff Berberich took FMLA leave during the 12-month period in which he worked 1606.52 hours, and that, for a certain period of time, time spent on such leave was not counted towards an employee's FMLA entitlement.  The remaining allegations in Paragraph 66 state conclusions of law to which no response is required.  To the extent any response is required, KCSR admits that, under Department of Labor regulations, "[i]f an employee's schedule varies from week to week to such an extent that an employer is unable to determine with any certainty how many hours the employee would otherwise have worked (but for the taking of FMLA leave), a weekly average of the hours scheduled over the 12 months prior to the beginning of the leave period (including any hours for which the employee took leave of any type) would be used for calculating the employee's leave entitlement."  29 C.F.R. § 825.205(b)(3).  KCSR denies the remaining allegations contained in Paragraph 66.

67.     KCSR admits that the spreadsheet that Byers sent to Berberich shows that 9 of his 24 FMLA mark-offs were for a 24-hour period, and that the shortest mark-off shown on the

spreadsheet lasted slightly over 10 hours.  KCSR denies the remaining allegations contained in Paragraph 67.

68.     KCSR admits that, since September 2021, it has notified Plaintiffs and certain other employees that their FMLA leave has been exhausted.  Plaintiffs' allegations that "many employees" received notices that they have exhausted their FMLA leave and that "[o]ther Plaintiffs and class members have received letters from Byers containing the same methodology and the same sorts of spreadsheets offered in support of KCS's methodology" are too vague and general to either admit or deny outright and, therefore, to the extent the allegations are not specifically admitted, they are denied.  KCSR denies the remaining allegations contained in Paragraph 68.

69.     The last sentence of Paragraph 69 states a conclusion of law to which no response is required.  To the extent any response is required, KCSR denies the allegation.  KCSR admits the remaining allegations contained in Paragraph 69.

70.     KCSR admits the allegations contained in Paragraph 70.

71.     The allegations in Paragraph 71 state conclusions of law to which no response is required.  To the extent any response is required, KCSR denies the allegations.

72.     KCSR admits that Plaintiff Schmitt took 807 hours of leave during the 12-month period at issue and that Byers attached a spreadsheet to support KCSR's calculations.  KCSR denies the remaining allegations contained in Paragraph 72.

73.     KCSR admits that Plaintiff Schmitt took 24 instances of FMLA leave between March 13, 2021 and November 3, 2021; that Plaintiff Schmitt took 19 hours and 16 minutes of FMLA leave starting on August 8, 2021; that 19 hours and 16 minutes is the shortest increment of FMLA leave that Plaintiff Schmitt took during the 12-month period at issue; and that Plaintiff

Schmitt took a total of 807 hours of FMLA leave between March 13, 2021 and November 11, 2021, which averages to 32.28 hours per instance of leave. KCSR further admits the allegations contained in Footnote 8. Plaintiffs' allegation that "almost every instance of leave" during the 12-month period at issue "is close to a multiple of 24" is too vague and general to either admit or deny outright and, therefore, the allegation is denied. KCSR also denies the remaining allegations contained in Paragraph 73.

74. KCSR admits that it deducted the number of hours that Plaintiff Schmitt marked off for FMLA leave from the total hours of FMLA leave available to him, and that Plaintiff Schmitt marked off for FMLA leave on March 13 and 14, May 15 and 16, June 7, 8, and 9, July 14 and 15, and August 6, 7, and 8. KCSR denies the remaining allegations contained in Paragraph 74.

75. KCSR admits that Plaintiff Schmitt marked off for 23 hours and 32 minutes of FMLA leave starting at 4:56pm on March 13; that Plaintiff Schmitt took another 48 hours of FMLA leave starting at 4:28pm on March 14; and that there are 23 hours and 32 minutes between 4:56pm and 4:28pm the next day. KCSR denies the remaining allegations contained in Paragraph 75.

76. KCSR admits that Plaintiff Schmitt marked off for 23 hours and 33 minutes of FMLA leave starting at 12:16am on May 15; that he marked off for FMLA leave for a second time starting at 11:49pm on May 15; that there are 23 hours and 33 minutes between 12:16am and 11:49pm; and that it deducted the number of hours that Plaintiff Schmitt marked off for FMLA leave from the total hours of FMLA leave available to him. KCSR denies the remaining allegations contained in Paragraph 76.

77. KCSR admits that it calculates FMLA entitlement and usage in the same manner for all TE&Y employees who work on an on-call basis. KCSR denies the remaining allegations contained in Paragraph 77.

78. KCSR denies the allegations contained in Paragraph 78.

79. KCSR denies that it miscalculated Plaintiffs' FMLA leave and that Plaintiffs have been forced to work through their illnesses. KCSR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 79, and therefore denies them.

80. KCSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "Plaintiff Berberich cannot adequately care for his elderly parents," and therefore denies the allegation. KCSR also denies the remaining allegations contained in Paragraph 80.

81. KCSR lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Roberson has military combat-related injuries, or used sick leave to attend to them, and therefore denies those allegations. KCSR admits that Plaintiff Roberson was terminated for attendance reasons. KCSR lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff Hudson has marked off sick on a handful of occasions where his condition was simply too severe to permit him to work," and therefore denies it. KCSR admits that it held an investigation regarding Plaintiff Hudson's attendance. KCSR admits that Plaintiff White was terminated for attendance reasons. KCSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "White took sick leave once to help his daughter with her hernia surgery; another time to have teeth removed; and another time yet when he suspected that he'd contracted COVID-19," and

16

therefore denies those allegations. KCSR admits that it investigated White on February 15, 2022 and that he was terminated a week later. KCSR lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Although he hasn't been disciplined yet, Schmitt's supervisor warned him that he's 'close to an investigation'" and therefore denies it. KCSR admits that Plaintiff Berberich has used sick leave since he exhausted his FMLA entitlement. KCSR lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "[e]very time he has to miss work brings 'fear and anxiety' that he'll lose his job" and therefore denies that allegation. KCSR lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Schmitt has pancreatitis and gout, and "has marked off sick on a few occasions to deal with it," and therefore denies those allegations. KCSR admits that Plaintiff Schmitt has not been disciplined. KCSR lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Schmitt "is afraid of being 'written up, investigated, or even terminated,'" and therefore denies it. KCSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "Plaintiff Collins has needed to use sick leave on occasion" and that "[h]e, too, fears for his job," and therefore denies them. KCSR denies the remaining allegations contained in Paragraph 81.

## CLASS ALLEGATIONS

82. KCSR admits that Plaintiffs purport to bring claims alleging violations of the FMLA pursuant to Federal Rule of Civil Procedure 23, and that Plaintiffs are seeking remedies for those alleged violations on behalf of themselves and the purported class contained in Paragraph 82. However, KCSR denies that it violated the FMLA or any other law, that Plaintiffs are entitled to relief, and/or that class treatment is appropriate.

83.     KCSR admits that it has records from which the number of employees who took FMLA leave could be determined.  KCSR otherwise denies the allegations contained in Paragraph 83.

84.     KCSR denies the allegations contained in Paragraph 84.

85.     KCSR denies the allegations contained in Paragraph 85.

86.     KCSR denies the allegations contained in Paragraph 86.

87.     KCSR denies that class treatment is appropriate.  KCSR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87, and therefore denies them.

88.     KCSR denies the allegations contained in Paragraph 88.

89.     KCSR denies the allegations contained in Paragraph 89.

90.     KCSR denies the allegations contained in Paragraph 90.

91.     KCSR denies the allegations contained in Paragraph 91.

### FIRST CAUSE OF ACTION: FMLA INTERFERENCE/ENTITLEMENT
#### (*On behalf of Plaintiffs and the proposed class*)

92.     Paragraph 92 states conclusions of law to which no response is required.  To the extent that any response is required, KCSR admits that the FMLA was enacted in 1993, and that the authorities cited are accurately quoted.

93.     Paragraph 93 states conclusions of law to which no response is required.  To the extent that any response is required, KCSR admits that the statements in Paragraph 93 accurately reflect the law and/or certain regulations.

94.     KCSR admits that it calculates the amount of FMLA leave to which an employee is entitled based on a rolling 12-month period measured backward from the date the employee uses any FMLA leave.  The remaining allegations contained in Paragraph 94 state conclusions of

18

law to which no response is required. To the extent that any response is required, KCSR admits the allegations.

95. Paragraph 95 states conclusions of law to which no response is required. To the extent that any response is required, KCSR admits that only the amount of leave actually taken may be counted against an employee's leave entitlement; that employers may not require employees to take more FMLA leave than necessary; and that employers must account for intermittent FMLA leave in increments of one hour or less. KCSR further admits that Footnote 9 accurately quotes a Department of Labor regulation. KCSR denies the remaining allegations in Paragraph 95 and in Footnote 9.

96. KCSR admits that, for a certain period of time, in calculating an employee's FMLA entitlement, it did not count time spent on leave. KCSR otherwise denies the allegations contained in Paragraph 96.

97. KCSR denies the allegations contained in Paragraph 97.

98. KCSR admits that Plaintiffs purport to propose a methodology for calculating FMLA leave, but denies that the methodology proposed is appropriate or required. KCSR lacks knowledge or information sufficient to form a belief as to whether Plaintiffs believe that "there may [be] more than one permissible methodology" for calculating FMLA leave, and therefore denies that allegation on that basis. KCSR further denies the remaining allegations contained in Paragraph 98.

99. KCSR admits that employers must accurately calculate each employee's leave entitlement. However, KCSR denies that the method proposed by Plaintiffs is appropriate or required, and further denies the remaining allegations in Paragraph 99.

100.     KCSR admits that employers must account for intermittent FMLA leave in increments of one hour or less.  KCSR denies that it forces employees to take more FMLA leave than they need, and further denies the remaining allegations contained in Paragraph 100.

101.     KCSR admits that Plaintiffs purport to propose a methodology for calculating FMLA leave, but denies that Plaintiffs' proposed methodology is appropriate or required.  KCSR denies the remaining allegations contained in Paragraph 101 and Footnote 14.

102.     KCSR denies the allegations contained in Paragraph 102.

103.     KCSR admits that it matters whether FMLA leave is calculated properly.  KCSR denies the remaining allegations contained in Paragraph 103.

104.     Paragraph 104 states conclusions of law to which no response is required.  To the extent that any response is required, KCSR admits that it is an "employer" within the meaning of the FMLA.

105.     Paragraph 105 states conclusions of law to which no response is required.  To the extent that any response is required, KCSR denies the allegations.

106.     KCSR denies that Plaintiffs or putative class members have been denied the protections of the FMLA.  The remaining allegations contained in Paragraph 106 are too vague and general to either admit or deny outright and, therefore, they are denied.

107.     Paragraph 107 states a conclusion of law to which no response is required.  To the extent that any response is required, KCSR admits that the FMLA is accurately quoted.

108.     KCSR denies the allegations contained in Paragraph 108.

109.     KCSR denies the allegations contained in Paragraph 109.

110.     KCSR denies the allegations contained in Paragraph 110.

### SECOND CAUSE OF ACTION: FMLA DISCRIMINATION
#### *(On behalf of Plaintiffs and the proposed class)*

111. KCSR denies the allegations contained in Paragraph 111.

112. KCSR denies the allegations contained in Paragraph 112.

113. The third, fourth, sixth, seventh, and eighth sentences of Paragraph 113 state conclusions of law to which no response is required. To the extent that any response is required, KCSR admits that portions of the FMLA and of the Department of Labor's regulations are quoted accurately, but denies that Plaintiffs' interpretation of those provisions as it pertains to the policy challenged is correct. KCSR also denies the remaining allegations contained in Paragraph 113.

114. KCSR denies the allegations contained in Paragraph 114.

115. The second sentence of Paragraph 115 states conclusions of law to which no response is required. To the extent that any response is required, KCSR admits that Department of Labor regulations prohibit the "manipulation by a covered employer to avoid responsibilities under FMLA," and that one example of this is "[r]educing hours available to work in order to avoid employee eligibility." 29 C.F.R. § 825.220(b)(3). However, KCSR denies that it has engaged in any such manipulation, and further denies all remaining allegations contained in Paragraph 115.

116. KCSR admits that it must account for intermittent FMLA leave in increments of one hour or less, and avers that it does so. KCSR employees can take FMLA leave in one-hour increments. KCSR denies the remaining allegations contained in Paragraph 116.

117. KCSR denies the allegations contained in Paragraph 117.

## **PRAYER FOR RELIEF**

118. KCSR admits that Plaintiffs seek the relief described in this unnumbered Paragraph but denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

In addition to the foregoing responses to the particular allegations of the Complaint, and without conceding that it bears the burden of proof as to any issue, KCSR asserts the following further defenses to Plaintiffs' Complaint:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

At all times, KCSR acted in good faith and had reasonable grounds for believing that its actions toward Plaintiffs and the putative class members did not violate the FMLA.

### THIRD DEFENSE

Plaintiffs' claims are preempted, in whole or in part, by the Railway Labor Act, 45 U.S.C. § 151 *et seq.*

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, or estoppel, and/or because they are not brought in good faith.

### FIFTH DEFENSE

Plaintiffs' claims for lost wages and benefits are barred, in whole or in part, to the extent that they failed to mitigate their alleged damages.

### SIXTH DEFENSE

KCSR is entitled to set-off credit against Plaintiffs' damages, if any, for any such amounts they received from any source whatsoever with respect to the issues covered by this suit.

***

KCSR incorporates by reference and realleges all of its defenses to the claims of any individual who joins or becomes a class member in this action, and reserves the right to assert additional defenses as to them.

KCSR reserves the right to assert and does not waive any additional or further defenses as may be revealed during discovery or otherwise and reserves the right to amend this Answer to assert any such defenses.

Dated:   July 8, 2022                                    Respectfully submitted,

                                                         */s/ Thomas R. Chiavetta*
                                                         Thomas R. Chiavetta (*pro hac vice*)
                                                         Donald J. Munro (*pro hac vice*)
                                                         Lauren Walas (*pro hac vice*)
                                                         JONES DAY
                                                         51 Louisiana Ave., N.W.
                                                         Washington, D.C. 20001-2113
                                                         Telephone: (202) 879-3939
                                                         tchiavetta@jonesday.com
                                                         dmunro@jonesday.com
                                                         lwalas@jonesday.com

                                                         Shelly I. Ericsson (Bar No. 48047)
                                                         Daniel P. Johnson (Bar No. 68966)
                                                         OGLETREE, DEAKINS, NASH, SMOAK &
                                                         STEWART, P.C.
                                                         4520 Main St.
                                                         Suite 400
                                                         Kansas City, MO 64111
                                                         Telephone: (816) 471-1301
                                                         shelley.ericsson@ogletree.com
                                                         daniel.johnson@ogletree.com

                                                         *Attorneys for Defendant*
                                                         *The Kansas City Southern Railway Company*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022, a true and accurate copy of the foregoing was filed using the CM/ECF system which will send notification of such filing to the Court and Plaintiffs' counsel.

*/s/ Thomas R. Chiavetta*

Thomas R. Chiavetta

Case 4:22-cv-00358-RK   Document 41   Filed 07/08/22   Page 24 of 24