IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RODERICK ROBERSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:22-cv-00358-RK |
| ) | |
| THE KANSAS CITY SOUTHERN ) | |
| RAILWAY CO., ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court are Plaintiffs' second motion for class certification, (Doc. 126), and Plaintiffs' motion to amend the Third Amended Scheduling Order, (Doc. 131). Plaintiffs' motion to amend the Third Amended Scheduling Order is fully briefed. (Docs. 131, 134, 135.)

Under the Second Amended Scheduling Order, the deadline to file a motion for class certification was March 14, 2024. (Doc. 91.) Plaintiffs filed their first motion for class certification on March 14, 2024. (Doc. 97.) The Court subsequently granted Defendant's motion for an extension of time to file its brief in opposition, (Doc. 101), and Defendant filed its brief in opposition on April 26, 2024, (Doc. 104). The Court also granted Plaintiffs' motions for extensions of time to file their reply brief, (Docs. 106, 108), and Plaintiffs filed their reply brief on June 14, 2024, (Doc. 111). As a result of the multiple extension requests and the approaching trial date of September 16, 2024, the Court entered a Third Amended Scheduling Order on July 23, 2024. (Doc. 115.) This scheduling order did not reincorporate deadlines that had already passed, including the deadline to file a motion for class certification. On October 16, 2024, this Court denied Plaintiffs' first motion for class certification. (Doc. 124.) Without leave from the Court, Plaintiffs filed a second motion for class certification on October 29, 2024, in which they proposed narrowed subclasses. (Doc. 126.) Plaintiffs concurrently filed a motion to amend the scheduling order to delay the dispositive motion deadline until 30 days after the Court's decision on the second motion for class certification. (Doc. 131.)

## Second Motion for Class Certification

As an initial matter, Plaintiffs should have sought leave from the Court prior to filing their second motion for class certification, given the deadline to file such motion had passed. When

1

seeking to file a "document that may not be filed as a matter of right," a party must file a "motion for leave" to file and obtain permission from the Court. Local Rule 15.1(a). A motion for class certification filed out of time may not be filed as a matter of right because the scheduling order "limit[s] the time to . . . file motions." Fed. R. Civ. P. 16(b)(3)(A). Pursuant to the Second Amended Scheduling Order, the deadline to file a motion for class certification was March 14, 2024. (Doc. 91.) Therefore, Plaintiffs failed to follow the Local Rules by filing their second motion for class certification without leave from the Court.[1] *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) ("[W]e do not take case management orders lightly, and will enforce them.").

Even if Plaintiffs sought leave to file their second motion for class certification, the Court would deny such motion because Plaintiffs cannot show good cause to amend the scheduling order to permit a second motion for class certification. Plaintiffs argue that Rule 23(c)(1)(C), which allows the Court to amend an order granting or denying class certification prior to final judgment, permits renewed motions for class certification. Defendant counters that while Rule 23(c)(1)(C) may permit subsequent class certification motions, a party's ability to file subsequent class certification motions is limited by the mandatory language of Rule 16(b)(4) which states that a scheduling order "may be modified only for good cause and with the judge's consent."

The Court finds that Rule 16(b)(4) applies to limit subsequent motions for class certification once the deadline has passed for doing so. *Cf. Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (finding "Rule 16(b)(4)'s good cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)"); *see also Taylor v. Midland Nat'l Life Ins.*, No. 4:16-cv-00140-SMR-HCA, 2019 WL 13169890, at *3 (S.D. Iowa Sept. 17, 2019) ("[W]hen a motion for leave to file a successive motion for class certification requires amending a scheduling order, the motion must satisfy both Rule 23(c)(1)(C) and Rule 16(b)(4)."). The cases Plaintiffs cite in support of permitting the renewed motion for class certification do not consider Rule 16, nor did the

---

[1] Plaintiffs argue that the scheduling order did not provide a date by which they would have to make a renewed motion for class certification, and thus the deadline for doing so had not passed when they filed their second motion for class certification. (Doc. 127 at 6-7 n.2.) The Court is not convinced by this argument. Plaintiffs' pending motion is one for class certification. The deadline to file such motion was March 14, 2024.

2

opposing parties in those cases make a Rule 16 argument regarding the timeliness of the renewed motion.[2]

Since Rule 16(b)(4) applies, Plaintiffs would have to show good cause to amend the scheduling order prior to the Court granting a motion for leave to file a second motion for class certification. Plaintiffs cannot show good cause to amend the scheduling order. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements. 'The existence or degree of prejudice to the party opposing the modification' and other factors may also affect the decision.'" *Bradford*, 249 F.3d at 809 (citation omitted). "Where there has been 'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline . . . . ,' then we may conclude that the moving party has failed to show good cause." *Hartis v. Chi. Title Ins.*, 694 F.3d 935, 948 (8th Cir. 2012). Plaintiffs argue that they meet this good cause standard because they were diligent in filing the renewed motion for class certification within two weeks of this Court's denial of their initial motion. (Doc. 127 at 6-7 n.2.) However, the true point of comparison is March 14, 2024, nearly nine months ago. Therefore, the Court turns to other considerations such as new facts, change in law, or other changed circumstances.

Discovery was complete when Plaintiffs filed their first motion for class certification. (*See* Doc. 91.) Therefore, Plaintiffs cannot argue that any newly discovered facts justify a second motion for class certification. Additionally, there has been no change in law. The only other changed circumstance is this Court's denial of Plaintiffs' first motion for class certification. However, "failed tactical decisions and the denial of a prior motion for class certification do not typically constitute changed circumstances." *Taylor*, 2019 WL 13169890, at *4 (denying motion for leave to file a second motion for class certification on Rule 16(b)(4) and 23(c)(1)(C) grounds); *Hartis*, 694 F.3d at 949. This is particularly true when the subsequent motion makes arguments that could have been raised in the initial motion. *Cf. Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (affirming denial of motion to amend pleading to add punitive damage claim when plaintiff failed to provide a reason the claim could not have been alleged earlier). Plaintiffs could have proposed narrowed subclasses and made arguments in support of them in their initial motion

---

[2] These cases include *Cody v. City of St. Louis*, 103 F.4th 523 (8th Cir. 2024); *In re Wholesale Grocery Products Antitrust Litigation*, 946 F.3d 995 (8th Cir. 2019); and *In re Initial Public Offering Securities Litigation*, 483 F.3d 70 (2d Cir. 2007). The Court reiterates that the opposing parties in these cases did not make a Rule 16 timeliness argument, nor did the courts mention Rule 16 in their decisions.

but did not. In fact, it was not until Plaintiffs' reply brief that they proposed a single subclass for the first time. (Doc. 111 at 4-5.) However, even in their reply Plaintiffs failed to carry the burden of constructing the necessary subclasses and showing that they satisfied the requirements of Rule 23. (Doc. 124 at 9-10.) Plaintiffs provide no reason now for why they could not propose subclasses that satisfied Rule 23 in their first motion for class certification.

Thus, Plaintiffs cannot show good cause to amend the scheduling order to permit filing a second motion for class certification at this late stage of the litigation. Therefore, Plaintiffs' motion for class certification, (Doc. 126), is **DENIED with prejudice** because it is untimely, Plaintiffs failed to obtain leave from the Court to file it, and Plaintiffs cannot show good cause to amend the scheduling order to permit a subsequent motion for class certification.

**Motion to Amend Scheduling Order**

Plaintiffs' motion to amend the scheduling order requests that the Court extend the deadline for filing dispositive motions until 30 days after its ruling on the second motion for class certification. Plaintiffs' good-cause arguments are largely premised on the assumption that this Court would entertain Plaintiffs' second motion for class certification on the merits, and that the briefing schedule and Court's decision would extend beyond the current deadline for dispositive motions. Finding these arguments inapplicable and unpersuasive in light of the Court's ruling above, Plaintiffs' motion to amend the scheduling order is **DENIED** for lack of good cause.

**Conclusion**

Accordingly, after careful consideration and for the reasons explained above, the Court **ORDERS** that: (1) Plaintiffs' second motion for class certification, (Doc. 126), is **DENIED with prejudice**, and (2) Plaintiffs' motion to amend the scheduling order, (Doc. 131), is **DENIED**. Pursuant to the Third Amended Scheduling Order, dispositive motions are due **November 15, 2024**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 4, 2024

4